**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-5092**

———————

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

RONNIE DIXON,

             Defendant – Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (5:04-cr-00441-F-1)

———————

Submitted:  March 18, 2011          Decided:  March 24, 2011

———————

Before WILKINSON, KING, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. George E.B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnie Dixon, who was sentenced to five years' probation after pleading guilty in 2005 to failure to pay child support, in violation of 18 U.S.C. § 228(a)(3) (2006), appeals the district court's judgment revoking his probation and sentencing him to twenty-four months in prison. Dixon argues that his sentence is plainly unreasonable because: (i) the district court failed to respond to his request for a reduction in his monthly child support amount based on his alleged inability to pay; and (ii) his variant sentence "lacked sufficiently compelling support." Finding no error, we affirm the district court's judgment.

Upon a finding of a probation violation, the district court may revoke probation and resentence the defendant to any sentence within the statutory maximum for the original offense. 18 U.S.C. § 3565(a) (2006); United States v. Schaefer, 120 F.3d 505, 507 (4th Cir. 1997). This court "review[s] probation revocation sentences, like supervised release revocation sentences, to determine if they are plainly unreasonable." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). The court first considers whether the sentence is unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). This court, in determining reasonableness, follows generally the procedural and substantive considerations employed in reviewing

2

original sentences.  Id.  However, "[t]his initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences."  Moulden, 478 F.3d at 656 (internal quotation marks omitted).

The district court's discretion is not unlimited, however.  United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).  For instance, the district court commits procedural error by failing to adequately explain the chosen sentence or by not providing an individualized assessment based on the facts. Gall v. United States, 552 U.S. 38, 51 (2007).  Although "[a] court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, . . . it still must provide a statement of reasons for the sentence imposed."  Thompson, 595 F.3d at 547 (internal quotation marks omitted).  The district judge also must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted).

Although the court generally reviews preserved sentencing errors for an abuse of discretion, reversing only if an error is not harmless, this court will review a procedural

sentencing error raised for the first time on appeal for plain error. See United States v. Lynn, 592 F.3d 572, 575-79 (4th Cir. 2010). We have reviewed the record and conclude that the district court committed no error, plain or otherwise, when it imposed Dixon's twenty-four-month sentence. Accordingly, we conclude that Dixon's sentence is not plainly unreasonable. Moulden, 478 F.3d at 656.

We thus affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4